Filed 9/20/24  Romero v. Chen CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JESSICA ZORAIDA ROMERO, Respondent, v. ZAO CHEN, Appellant. | B333475 (Los Angeles County Super. Ct. No. 23WHRO01693) |

APPEAL from an order of the Superior Court of Los Angeles County, Melissa C. Lyons, Judge.  Affirmed.

Zao Chen, in pro. per., for Appellant.

Jessica Zoraida Romero, in pro. per., for Respondent.

_____

We decide the matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)

Zao Chen appeals from a five-year civil harassment restraining order barring, inter alia, contact with or proximity to respondent Jessica Zoraida Romero as well as Romero's parents and siblings. The appellate record does not contain Romero's petition or a reporter's transcript of the hearing on the petition. The restraining order itself, however, indicates Chen personally attended the hearing.

The bulk of Chen's opening brief consists of the statement of facts, in which Chen, who identifies herself as a transgender woman with mental health issues including autism and ADHD, claims to have had a tumultuous romantic relationship with Romero. As for legal argument, Chen claims the trial court allowed the case only 10-20 minutes and did not give her sufficient time to present her case. She further claims the evidence was insufficient to support the restraining order, and Romero's testimony was exaggerated and lacked proper context.

Romero in her respondent's brief asserts she was Chen's case manager, assisting in providing Chen with social services and housing, and the relationship was strictly professional. Romero sought the restraining order after Chen began harassing her, including making threats against Romero and her family and coming to Romero's home.[1]

---

[1] Romero claims she has continued to receive written letters from Chen after the court issued the restraining order, and asks us to "take the necessary actions to address this matter." Our review here is limited to the restraining order itself, and not Chen's purported conduct after the order issued.

To the extent Chen argues the trial court erred in believing Romero's evidence over Chen's, under our standard of review we cannot overturn the trial court's credibility determinations or weighing of evidence. (*McPherson v. EF Intercultural Foundation, Inc.* (2020) 47 Cal.App.5th 243, 257 [court reviewing for substantial evidence is bound by trial court's credibility determinations and may not reweigh evidence].)

Our review is constrained further by the limited record on appeal. "It is appellant['s] burden to provide an adequate record on appeal. [Citation.] To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1048, fn. 1.) Here, the record is not adequate to evaluate the trial court's ruling. Although there was a court reporter present at the restraining order hearing, Chen has chosen to proceed on appeal without a reporter's transcript or other account of the proceedings. Without that record, we do not know what evidence was presented or what arguments were raised, nor can we determine, as Chen contends, that the court did not provide her adequate opportunity to make her case. We therefore must make all reasonable inferences in favor of the judgment, and presume the court properly conducted the proceedings and the evidence was sufficient to support the restraining order.

## DISPOSITION

The restraining order is affirmed.  Respondent is awarded her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


BENDIX, Acting P. J.


We concur:



WEINGART, J.



KLINE, J.*

---

**\*** Retired Associate Justice of the Court of Appeal, First Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.